IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERNEST ROZIER, | ) |
|     Plaintiff, | ) |
| | ) Civil Action No. 11-142 J |
| vs. | ) District Judge Kim R. Gibson |
| | ) Magistrate Judge Maureen P. Kelly |
| GERALD L. ROZUM, Superintendent, | ) |
| SYLVIA GIBSON, D.S.C.S., RICHARD S. | ) |
| EHERS, D.H.C.S., DENISE THOMAS, | )   ECF No. 34 |
| CHCA, GERALD PUSKAR, Nurse | ) |
| Supervisor, BOBBI McCALLISTER, PA, | ) |
| JEREMY HUNTER, Nurse Practitioner, | ) |
| DORINA VARNER, Chief Grievance Officer, | ) |
| TRACY WILLAIMS, Deputy Grievance | ) |
| Officer, | ) |
|     Defendants. | ) |

OPINION and ORDER

Plaintiff Ernest Rozier, a *pro se* inmate currently incarcerated at the State Correctional Institution at Green ("SCI Green"), has filed a "Motion and Requests for Indigency Status" (sic) [ECF No. 34]. The Motion asks for the entry of an Order requiring SCI Green to provide Plaintiff with all of the supplies that he believes are necessary to litigate his claims against Department of Corrections and Health Care Services. Plaintiff contends that he is indigent and does not have access to sufficient paper, pens, ink jet paper, postage, etc., to litigate his claims, resulting in an unconstitutional denial of his right to access to court access.

Defendants have provided documentation showing that Plaintiff's institutional account is in arrears in the amount of $206.81. However, Tracy Shawley, Superintendent's Assistant at SCI Greene, indicates that because of his indigent status, Plaintiff is entitled to two "indigent packets" per month. Each packet includes 50 sheets of paper and 2 sheets of carbon paper. Plaintiff is also provided with pens, as needed, which are passed out two times per week, as well

1

as 8 postage-stamped envelopes each month. As an indigent inmate, Plaintiff is permitted to anticipate postage and copying charges up to $10.00 per month, each and every month. He can obtain the requested copies and postage (up to $10.00) regardless of the status of his prison account. The 8 stamped envelopes distributed each month are not included in this amount. Defendants note that Plaintiff has demonstrated his ability to successfully seek extensions of time from this Court. Therefore, Plaintiff's ability to litigate his claims is not impeded by the current distribution schedule of supplies as, in almost all circumstances, he has the option of filing a Motion for Extension of Time until he receives his next allotment of supplies.

In <u>Tabron v. Grace</u>, 6 F.3d 147, 159-160 (3d Cir. 1993), the Court held "that, as a general rule indigent litigants bear their own litigation expenses, at least initially."

> The *in forma pauperis* statute, 28 U.S.C. § 1915, permits the waiver of fees and cost for *in forma pauperis* litigants, *see* 28 U.S.C. 1915(a), and allows for payment by the United States of the expenses of "printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court," and of "preparing a transcript of proceedings before a United States magistrate in any civil or criminal case, if such transcript is required by the district court," 28 U.S.C. § 1915(b). There is no provision in the statute for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant.

<u>Tabron</u>, <u>supra</u>, 6 F.2d at 158, 159. Accordingly, Plaintiff's indigent status does not entitle him to payment of any expenses incurred to pursue this action, beyond those currently and voluntarily provided by the DOC. Further, to support a claim that his First Amendment right of access to courts is abridged, Plaintiff must point to evidence that an existing claim has suffered actual injury from deficiencies in SCI-Greene's allocation of supplies and postage. <u>Reynolds v. Wagner</u>, 128 F.3d 166, 183 (3d Cir. 1997). Plaintiff's failure to do so is fatal to his Motion. With forethought, Plaintiff can readily use the ample resources available to him in pursuit of his

current litigation. Because Plaintiff has no real impediment to the pursuit of his claims, and has not and cannot point to any actual injury to an existing legal claim, his Motion is denied.

AND NOW, this 10th day of January, IT IS HEREBY ORDERED that Plaintiff's Motion and Request for Indigency Status is DENIED.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Failure to file a timely appeal will constitute a waiver of any appellate rights.

/s/  Maureen P. Kelly
United States Magistrate Judge

cc: All counsel of record via CM/ECF

Ernest Rozier
DJ-8293
SCI Greene
175 Progress Drive
Waynesburg, PA 15370