IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERNEST ROZIER,<br>           Plaintiff,<br><br>    vs.<br><br>GERALD L. ROZUM, Superintendent,<br>SYLVIA GIBSON, D.S.C.S., RICHARD S.<br>EHERS, D.H.C.S., DENISE THOMAS,<br>CHCA, GERALD PUSKAR, Nurse<br>Supervisor, BOBBI McCALLISTER, PA,<br>JEREMY HUNTER, Nurse Practitioner,<br>DORINA VARNER, Chief Grievance Officer,<br>TRACY WILLAIMS, Deputy Grievance<br>Officer,<br>           Defendants. | Civil Action No. 11-142 J<br>District Judge Kim R. Gibson<br>Magistrate Judge Maureen P. Kelly |

**<u>MEMORANDUM ORDER</u>**

Plaintiff Ernest Rozier has filed a Motion for Attorney's Fees and Expenses associated with the above-captioned litigation [ECF No. 58], claiming his entitlement to recovery pursuant to 42 U.S.C. § 1988. Section 1988(b) provides that in an action seeking to enforce 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of costs…." <u>Evans v. Port Auth. Of N.Y.</u>, 273 F.3d 346, 358 (3d Cir. 2001).

In <u>Farrar v. Hobby</u>, 506 U.S. 103 (1992), the United States Supreme Court addressed the question of what constitutes a "prevailing party" and held that a plaintiff prevails when he receives an enforceable money judgment of any size or "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." <u>Id.</u> at 111-112.

Given that Plaintiff's action has been dismissed by Order dated August 29, 2012, [ECF No. 57] on Defendants' Motions to Dismiss, he is not the prevailing party. In this case, the Defendants are the prevailing party, and upon motion, may recover an attorney's fee if there is a finding that Plaintiff's suit was vexatious, frivolous, or brought to harass or embarrass the defendant. Barnes Found. v. Twp. of Lower Merion, 242 F.3d 151, 157–58 (3d Cir. 2001). Plaintiff, however, plainly is not entitled to recover such fees and costs. An appropriate Order follows.

### ORDER

AND NOW, this 12th day of September, 2012, upon consideration of Plaintiff's Motion for Attorney's Fees and Expenses [ECF No. 58], IT IS HEREBY ORDERED that Plaintiff's Motion is DENIED with prejudice.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Failure to file a timely appeal will constitute a waiver of any appellate rights.

/s/ Maureen P. Kelly
United States Magistrate Judge

cc: The Honorable Kim R. Gibson
United States District Judge

Ernest Rozier
DJ-8293
SCI Greene
175 Progress Drive
Waynesburg, PA 15370

All counsel of record via CM/ECF